IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAMARA LABREE WINES, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:08-0593 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| OMNI VISION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, Tamara Labree Wines, filed this pro se action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 et seq. against the Defendant, Omni Visions, Inc., ("Omni Visions"). Plaintiff alleges that she is a vested participant in the Omni Visions' Employee Stock Ownership (the "Plan"). Omni Visions is the administrator of the Plan. According to Plaintiff, Omni Visions incorrectly denied her application for disability retirement benefits under the Plan by failing to pay the full value of her ESOP stock. Plaintiff also alleges that Omni Visions failed to respond timely to her appeal of this denial. (Docket Entry No. 1, Complaint at ¶ 3). Plaintiff seeks payment of those benefits and the statutory penalty under section 29 U.S.C. § 1132(a).

Omni Visions's answer admitted Plaintiff's application for disability retirement benefits should have been granted, but denied liability. In earlier proceedings, Plaintiff filed a motion for default judgement, conceding that she had been paid all disability retirement benefits, but asserting a claim for ERISA's statutory penalty.

Before the Court is Omni Visions motion for judgment on the pleadings (Docket Entry No. 16) contending that as a matter of law, Plaintiff cannot recover any statutory penalty.

Plaintiff asserts that she is entitled to statutory penalty under 29 U.S.C. § 1132(c) because Omni Visions failed to notify her of its determination of her appeal of its initial denial of her claim for disability benefits within the 45-days required by 29 C.F.R. § 2560.503-1(i)(3). Noncompliance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, "is not a grounds for the imposition of statutory penalties under § 1132(c) because 1132(c) does not apply the breach . . . of the duties imposed by § 1133." Addison v. Hartford Life and Accident Insurance, 2003 WL 23413737 *4 (E.D. Tenn. 2003), accord, Cortez v. The Prudential Insurance Co. of America, 2008 WL 4372638 *4 (W.D. Mich. 2008). A employer or plan administrator cannot be sued for a claim under 29 U.S.C. § 1133. Stuhlreyer v. Armco, Inc., 12 F.3d 75, 79 (6th Cir. 1993).

Thus, as a matter of law, Plaintiff is not entitled to any statutory penalty and the Defendant's motion for judgment on the pleadings is **GRANTED**. Given the Defendant's payment of Plaintiff's benefits, the only claim before the Court was Plaintiff's claim for the statutory penalty. Thus, this action is **DISMISSED with prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 23rd day of April, 2010.

_____
WILLIAM J. HAYNES, JR.
United States District Judge